

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL ANDREW DORSEY | CIVIL ACTION |
| VERSUS | NO. 04-2185 |
| JAMES D. MILLER, JR. ET AL. | SECTION "A" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Michael Andrew Dorsey, is a convicted inmate currently incarcerated in the Washington Correctional Institute ("WCI") in Angie, Louisiana. Along with his complaint, Dorsey filed a motion seeking injunctive relief. Record Doc. No. 3. Plaintiff states in his motion that "[f]or more than twenty-one (21) weeks, defendants have denied [plaintiff] and other inmates in the punitive segregation unit at WCI any opportunity for out-of-cell exercise. In so doing, defendants have acted with deliberate indifference to a substantial risk of serious harm, in violation of Dorsey's [rights] under the Eighth Amendment." Plaintiff asserts that "[t]here is a reasonable likelihood that [he] will prevail on the merits" of his case and that "there is a substantial threat of irreparable harm

DATE OF MAILING   FEB 04 2005

DATE OF ENTRY
FEB 0 4 2005

Fee____
Process____
X Dktd____
✓ CtRmDep____
___ Doc. No.____

if the injunction is not granted." Plaintiff seeks an order of the court requiring defendants "to perform their preexisting duties under the U.S. Constition (sic)" and "to provide Dorsey and other inmates in the (Administrative) punitive segregation unit with at least one (1) full hour of out-of-cell exercise per day and other recreational opportunities." Id. at pp. 1 and 2.

According to Rule 65(b) of the Federal Rules of Civil Procedure, a party seeking a temporary restraining order and/or preliminary injunction must set forth "specific facts shown by affidavit or verified complaint" that show that the moving party will suffer irreparable injury before a hearing on the matter may be held. A temporary restraining order and preliminary injunction are extraordinary equitable remedies that may be granted only if plaintiff establishes four essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause defendants; and (4) that the injunction will not disserve the public interest. Sugar Busters LLC v. Brennan, 177 F.3d 258, 264 (5th Cir. 1999). The requisite showing is "a substantial threat of irreparable injury if the injunction is not issued." DSC Communications Corp. v. OGI Techs., Inc., 81 F.3d 597, 600 (5th Cir. 1996) (emphasis added).

2

On October 21, 2004, I conducted a telephone conference during which Dorsey was sworn and testified for all purposes permitted by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny. Dorsey's written submissions, Spears testimony, and the record to date establish that he is not entitled to a temporary restraining order or preliminary injunction, applying the foregoing legal standards to the facts he alleges. Although plaintiff states in conclusory terms that he faces irreparable injury, he has not established that any injury he may suffer in the future would be irreparable. Injunctive relief interfering with the administration of prison functions by the court, without justification, would disserve the public interest. Most importantly, for all of the reasons detailed in my Report and Recommendation issued in this case, Record Doc. No. 16, in which I have recommended dismissal of this case, Dorsey cannot succeed on the merits of his Section 1983 claim because his constitutional rights have not been violated. He therefore can establish no substantial likelihood of success on the merits.

For all of the foregoing reasons, plaintiff's motion for preliminary injunctive relief should be denied.

## RECOMMENDATION

For all of the foregoing reasons, it is therefore **RECOMMENDED** that plaintiff's motion for preliminary injunction be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this **3d** day of February, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE